IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **United States of America,** | Case No. 1:22-cr-00607 |
| Plaintiff, | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| Ronnie Hearn, | |
| Defendant/Petitioner. | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court upon Defendant/Petitioner Ronnie Hearn's ("Hearn") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed on May 13, 2024 ("Defendant's Motion"). (Doc. No. 29.) On June 11, 2024, the United States of America filed the Government's Response in Opposition to Defendant's Motion ("the Government's Opposition"). (Doc. No. 32.) Accordingly, Defendant's Motion is ripe for a decision. For the reasons set forth below, Defendant's Motion is denied.

I.     Background

On February 17, 2022, a search of Hearn's residence was conducted pursuant to a search warrant. Law enforcement arrived at Hearn's apartment, located at 4327 Main Avenue in Ashtabula, Ohio, and gained entry. Hearn was found in his bedroom. Law enforcement searched the residence and found: two bags containing 54.6 grams of suspected marijuana, one bag containing 9.4 grams of suspected fentanyl, one bag containing 2 grams of suspected methamphetamine, and $1,972 in cash located on the floor of the defendant's bedroom; one digital scale, one bag containing 171 grams of suspected fentanyl, and one Glock 19 handgun case inside the defendant's bedroom closet; one unloaded Glock 19 pistol (9mm caliber, serial number BTDM180), two empty Glock 19 magazines;

one Glock 19 magazine loaded with 6 rounds of ammunition; one firearm holster; and one box of 9mm ammunition inside of the defendant's bedroom dresser drawer; one Ruger SR40 pistol (.40 caliber, serial number 342-82106, loaded with a magazine containing 8 rounds of ammunition) inside of a jacket in the hall closet; one digital scale with white powder residue on a shelf in the living room; and a cell phone located on the bed of the bedroom. (PSR, Doc. No. 19, PageID #s 82-83.) According to laboratory results, the total quantities of drugs seized from the residence were determined to be 159.26 grams of fentanyl and 1.53 grams of methamphetamine. The 54.6 grams of suspected marijuana was not tested. (*Id.* PageID # 83.)

On October 13, 2022, a federal grand jury in the Northern District of Ohio returned an indictment charging Defendant with one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); two counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(a)(A)(i). (Doc. No. 1, PageID #s 1-4.)

On March 2, 2023, Hearn pleaded guilty to all five counts of the Indictment without a written plea agreement. (Non-document, Minutes of Change of Plea Hearing.) On June 21, 2023, the Court sentenced Hearn to a total of 120 months of imprisonment. (Doc. No. 22, PageID # 132.)

**II.     Standard of Review**

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1]

the sentence was imposed in violation of the Constitution or laws of the United States, or [2] the court was without jurisdiction to impose such sentence, or [3] the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

To warrant relief under Section 2255, a petitioner who pleaded guilty "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A court may only grant relief if the petitioner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice." *Id*. (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). If a factual dispute arises, the "court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). No hearing is required, however, "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); see also *Napier v. United States*, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255."); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

III.   Analysis

In Defendant's Motion, Hearn sets forth two grounds on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States.  The first is "Ineffective

3

Assistance of Counsel for failing to know what triggers a 924(c) violation." (Doc. No. 29, PageID # 157.)  Hearn sets forth the following factual allegation in support his first ground or claim: "No drugs were found close to the guns and so the 924(c) possession enhancement (924(c)) is without authority." (*Id.*)

Hearn's second ground for relief is set forth as "Intervening Change of Law (Sentencing Guidelines Manuel 2023).  Sentence Now Violates Due Process (5th & 14th) Amendment." (Doc. No. 29, PageID # 158.)  Hearn sets forth the following factual allegations in support of his second ground or claim: "To be a drug trafficking offense, the defendant has to have charges under a serious drug crime.  21 USC:  841(a)(1)(b)(1)(A).  These charges are under 21 USC 841(a)(1)(b)(1)(b) and 21 USC 841(a)(1)(b)(1)(c).  Accordingly, the charges do not meet the nexus for a serious drug offense." (*Id.*)

In response, the Government asserts that Hearn has not shown that counsel's performance was deficient and that it prejudiced his defense or that the purported change in law affects his sentencing.  (Doc. No. 32, PageID #s 217-18.)  The Government argues that Defendant's Motion is perfunctory and unsupported by facts or law and should be denied on this basis; but even if the Court considers it, the evidence demonstrates that Hearn's counsel's performance was not deficient and did not prejudice his defense as it relates to the Section 924(c) Count; and that there has been no intervening change in the law with respect to Title 21 United States Code, Section 841 drug trafficking offenses.

The Court agrees with the Government.  Defendant's Motion is perfunctory and unsupported by credible factual allegation(s) or law and argument and the Court denies Defendant's Motion for this reason alone.  Hearn has failed to include any meaningful analysis, citation to the record,

4

documentation, or any coherent discussion to support his grounds for relief. In other words, Hearn sets forth his claims or grounds for relief in the most perfunctory or "skeletal way," leaving this Court to try and "put flesh on [their] bones." *United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004), citing *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 823 (6th Cir. 2002). However, even considering Defendant's two grounds for relief and the most skeletal or perfunctory allegations made in support thereof, the Court finds that Defendant's Motion must be and is hereby denied.

Claims of ineffective assistance of counsel are appropriately raised in a Section 2255 motion, and a petitioner "must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The well-established federal law used for assessing ineffective assistance of counsel claims is the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* imposes a two-part test for determining whether counsel was unconstitutionally ineffective. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). The first prong assesses counsel's performance. Under this prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. In other words, a court assessing an ineffective assistance claim must "determine whether, in light of all the circumstances, the [challenged] acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. When making this assessment, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.

Second, in order to amount to a constitutional violation, the error by counsel must have been prejudicial to Hearn. *Id.* at 691-92. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Under *Strickland*, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *accord, e.g.*, *Wiggins*, 539 U.S. at 521-22. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. As the Sixth Circuit has explained, "[t]he deference a reviewing court must give to counsel's strategic decisions depends on the adequacy of the investigation underlying counsel's decisions." *Smith v. Jenkins*, 609 Fed. Appx. 285, 292 (6th Cir. 2015) (citing *Wiggins*, 539 U.S. at 521). Failure to make such an investigation "must be supported by a reasoned and deliberate determination that investigation was not warranted." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994) (interpreting *Strickland*).

Since Hearn's allegation that he was erroneously charged with possessing a firearm in furtherance of a drug trafficking offense because "no drugs were close to the guns" is contradicted by the record, he is not entitled to relief on Ground One. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Moreover, Hearn has not set forth any factual allegations, must less detailed factual allegations, demonstrating that "counsel's representations fell below the 'objective standard of reasonableness' called for in *Strickland*" and "fails to establish that his counsel's assistance

prejudiced his defense."  (Doc. No. 32, PageID # 222.)  Therefore, Hearn is not entitled to relief under Ground One.

As for Ground Two, Hearn has not provided any cogent explanation, argument or analysis to support his assertion that there has been an intervening change in the law for Title 21 United States Code, Section 841 drug trafficking offenses or how any such alleged intervening change would make his sentence a violation of due process as guaranteed under the Fifth and Fourteenth Amendments. He merely states or asserts that to be a drug trafficking offense the defendant has to have charges under a serious drug crime and the charges do not meet the nexus for a serious drug offense. Accordingly, Hearn is not entitled to relief under Ground Two.

Hearn also requests that this Court order or hold an evidentiary hearing on his Motion. (Doc. No. 29, PageID # 165.) The burden borne by a Section 2255 petitioner to obtain an evidentiary hearing is not especially onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). Nonetheless, conclusory allegations do not entitle a petitioner to an evidentiary hearing. *See Amr v. United States*, 280 Fed. Appx. 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that Defendant would be able to prove his allegations at an evidentiary hearing"); *see also United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). The Court finds that an evidentiary hearing is not warranted in the present case. As set forth in detail above, the allegations set forth in Defendant's Motion amount to "bald assertions and conclusory allegations" that fail to demonstrate that Hearn is entitled to relief from his judgment. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Thus, Hearn is not entitled to an evidentiary hearing.

IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion under Section 2255 (Doc. No. 31) is denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date:  July 31, 2024

 *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE